UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1125 JGB (DTBx)** | Date | August 14, 2017 |
| Title | ***Rebecca Pontiero v. Geico General Insurance Company, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Phyllis Preston |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Lauri Brenner | Suzanne Badawi |

**Proceedings:**     **Order: DENYING Plaintiff's Motion to Remand (Dkt. No. 10)**

Before the Court is Plaintiff's Motion to Remand. (Dkt. No. 10.) This matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers timely filed in support of, and in opposition to the Motion, the Court DENIES Plaintiff's Motion to Remand.

## I. BACKGROUND

**A. Procedural History**

On December 8, 2016, Rebecca Pontiero ("Plaintiff") filed a complaint for damages in the Superior Court for the County of Los Angeles against Geico General Insurance Company ("Geico" or "Defendant") and Does one through 100, alleging breach of contract and breach of the implied covenant of good faith and fair dealing. ("Complaint," Dkt. No. 1, Ex. A.) Plaintiff's claims arise from Geico's alleged failure to promptly pay policy benefits under an automobile underinsured motorist policy. (Id. at ¶ 1.) Plaintiff was involved in a motor vehicle accident during which she sustained severe injuries, and the value of her claims for those injuries exceeded the negligent driver's policy limit of $15,000. (Id.) Plaintiff ultimately prevailed in arbitration, but alleges that Geico's delay in providing policy benefits caused her to incur costs attendant to litigation. (Id. at ¶ 2.) As such, Plaintiff seeks compensatory and punitive damages "for Geico's bad faith conduct in adjusting and handling Plaintiff's claim, and prejudicing Plaintiff in her effort to recover for damages as a result of the collision." (Id. at ¶ 3.)

On June 8, 2017, Geico filed a notice of removal, to which it attached seven exhibits and the Declaration of Suzanne Y. Badawi in support. (Dkt. No. 1; Exs. A through 6, Dkt. Nos. 1-1

through 1-7; Badawi Decl., Dkt. No. 1-8.) On July 12, 2017, Plaintiff filed a Motion to Remand. ("Motion," Dkt. No. 10.) In support of her Motion, Plaintiff attached the following exhibits:

- Exhibit A: complaint filed in the Superior Court for the County of Los Angeles on December 8, 2016, Case No. BC 643312 (Id. at 15);
- Exhibit B: proof of service dated December 16, 2016 (id. at 27);
- Exhibit C: email correspondence between counsel for Plaintiff, Lauri L. Brenner, and counsel for Defendant, Susan Y. Badawi (id. at 29);
- Exhibit D: email from Ms. Badawi to Ms. Brenner on April 5, 2017 (id. at 31); and
- Exhibit E: meet and confer letter from Ms. Brenner to Ms. Badawi regarding Plaintiff's Motion dated June 29, 2017 (id. at 33.)

Geico opposed Plaintiff's Motion on July 24, 2017, attaching the Declaration of Suzanne Y. Badawi, and Geico's February 27, 2017 request for a statement of damages. ("Opposition," Dkt. No. 12; Badawi Opp. Decl., Dkt. No. 12-1.) On July 31, 2017, Plaintiff filed her Reply. ("Reply," Dkt. No. 13.)

**B. Plaintiff's Motion**

Plaintiff moves to remand the matter to state court because Geico's removal was untimely under 28 U.S.C. section 1446(b). (Motion at 2.) To this end, Plaintiff argues that the facts alleged in the Complaint allowed Geico to ascertain that the amount in controversy exceeded $75,000. (Id.) Also, Plaintiff asserts that even if Geico could not ascertain the amount in controversy from the face of the Complaint, as of March 31, 2017, when counsel for both parties discussed punitive damages, Geico had notice that the jurisdictional minimum had been met. (Id.) Plaintiff therefore maintains that Geico's June 8, 2017 removal falls outside the 30-day period for removal under Section 1446(b). (Id.) Geico counters that it is not evident from the face of the Complaint that the amount in controversy exceeds $75,000. (Opposition at 7.) In so doing, Geico contends that contrary to Plaintiff's assertion, it could not have removed based on the arbitration award of "$285,000" because the Complaint provides no basis to assume that she had a 33-40% contingency fee agreement with her attorney. (Id. at 14.) For that reason, Geico argues that its notice of removal was timely because it was not until May 16, 2017, when Plaintiff submitted her interrogatory responses claiming over $118,000 in damages, that the 30-day removal period was triggered. (Id. at 15-16; Badawi Opp. Decl. ¶ 11.)

## II. DISCUSSION

**A. Legal Standard**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy

exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.[1]  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).  Geico removed on the basis of diversity jurisdiction under 28 U.S.C. section 1441.  (Dkt. No. 1.)  The parties do not dispute the existence of complete diversity.  At issue here is whether Geico's notice of removal was timely.

**B. Timeliness**

To remove a state action to federal court, the defendant must file a notice of removal with both the state court where the case was filed and the federal court to which it will be transferred.  28 U.S.C. § 1441.  The notice of removal must be filed within 30 days of the first removable document, and the case must be removed to the federal district court that encompasses the state court where the action was initiated.  Id.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the case becomes removable.  28 U.S.C. § 1446(b)(3).  This 30–day limit begins to run when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id.

The party seeking removal has the burden of establishing federal jurisdiction.  Emrich v Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142,

---

[1] **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
**(1)** citizens of different States;
**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
**(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

at *6 (C.D. Cal. Oct. 31, 2014).  Indeed, doubts as to removability must be resolved in favor of remanding the case to state court.  Id. at *6.  To determine whether Geico's notice of removal was timely, the Court must determine when the case was first removable.

### 1. 28 U.S.C. § 1446(b)(1)

Plaintiff argues that Geico knew, "at the outset, that the amount in controversy exceeded the jurisdictional minimum" because her Prayer for Relief "included compensatory damages, general damages, attorney's fees, and *punitive* damages."  (Reply at 3.)  As discussed, Geico claims that Plaintiff's Complaint could not have triggered the first 30-day window for removal because it "does not *on its face* affirmatively quantify Plaintiff's damages claim."  (Opp. at 10.)  In that vein, Geico asserts that "a complaint that merely alleges indeterminate amounts of punitive damages, emotional distress damages, and attorneys' fees, does not give rise to a right of removal."  (Opp. at 12.)   Under these circumstances, the Court agrees.  The Court finds that the 30-day removal period could not have been triggered by Plaintiff's Complaint, which fails to allege any facts from which to deduce the amount of damages Plaintiff seeks.  While the calculation of the amount in controversy takes into account claims for general damages, special damages, punitive damages, and attorney's fees recoverable by statute or contract, these figures must be reasonably ascertainable from the allegations for the Complaint to trigger the first 30-day period for removal.  Rodriguez v. Boeing Co., No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014).  In other words, "notice of removability under § 1446(b) [must be] determined through the four corners of the applicable pleadings."  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

In Harris v. Bankers Life & Casualty Co., the Ninth Circuit considered when the thirty-day removal clock was triggered where "it is unclear from the complaint whether the case is removable."  Id. at 692-93.  The Court rejected the notion that a defendant has a duty to investigate a basis for removal when the pleading does not disclose one on its face.  Id.  Relevant here, the Court also rejected the proposition that the defendant's subjective knowledge or a "clue" in the complaint might trigger the thirty-day clock.  Id.

The potential damages for Plaintiff's breach of contract and insurer bad faith claims are not apparent from the face of the Complaint.  Plaintiff seeks compensatory damages for the attorney's fees she expended due to Geico's "fail[ure] to fully pay monies under the contract, by unreasonably and unnecessarily causing a delay in paying the monies under the contract and by forcing Plaintiff to submit to arbitration in an effort to recover the monies under the contract" and punitive damages under California Civil Code section 3294. (Complaint at ¶33.)  Plaintiff alleges she ultimately recovered $266,697 in the underlying underinsured motorist arbitration.  (Id. at ¶ 13.)  The Court cannot discern from these allegations alone whether the amount in controversy exceeds $75,000.

As Geico notes, the Complaint does not indicate that the attorney hired to represent Plaintiff in the underlying arbitration was retained on a contingency basis, and a defendant need not investigate facts outside the pleadings and litigation papers to determine removability.  Babasa v. Lenscrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007).  This does not mean, however, as Plaintiff

points out, that Geico can avoid making simple calculations using objective facts contained within those pleadings and papers to ascertain the amount in controversy. Garcia v. Wal-Mart Stores Inc., 207 F. Supp. 3d 1114, 1130 (C.D. Cal. 2016). Under some circumstances, courts have found that a complaint may trigger the 30-day period for removal even in the absence of specifically pled damages. Rodriguez v. Boeing Co., No. CV 14-04265-RSWL, 2014 WL 3818108, at *5 (C.D. Cal. Aug. 1, 2014)("In light of litigation realities, in a case in which a long-term employee, such as Plaintiff, seeks lost income, damages for emotional pain and suffering, punitive damages, and attorney's fees, the amount in controversy is likely to exceed $75,000."). In such cases, the defendant typically has sufficient objective facts on which to estimate plaintiff's damages, such as, plaintiff's wages, statutory penalties, or specific contract damages. That is not the case here.

There are simply insufficient factual allegations in the initial pleading to permit any damages calculation to be made. The Court will not read a "standard contingency rate" into the Complaint where objective facts suggesting the existence of such an agreement have not been alleged and are otherwise completely absent. Cf. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006)(stating that a defendant is not required to speculate facts that support removal jurisdiction). Thus, there is no apparent basis to "reasonably [] assume[] that Plaintiff incurred at minimum $80,000.00 in attorney's fees [] in the underlying litigation." (Motion at 7.)

Plaintiff's prayer for punitive damages similarly fails to put Geico on notice that the jurisdictional minimum had been met as of December 16, 2016. While Plaintiff relies on Conrad Assocs. v. Hartford Acc. & Indem. Co., 944 F. Supp. 1196 (N.D. Cal. 1998), to argue that punitive damages may be properly considered when evaluating whether the jurisdictional minimum has been met, Conrad actually illustrates why merely including punitive damages in the prayer for relief does not establish that Plaintiff's damages are likely to exceed $75,000:

> The court has not been presented with any *facts* that would support an award of punitive damages in this case. Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages.

994 F. Supp. at 1201. Given the high burden required for exemplary relief, merely alleging that Geico acted intentionally and has deep pockets does not provide sufficient information to infer that punitive damages "alone would be a significant amount far in excess of $75,000.00." (Reply at 5.). See Ozolins v. United Parcel Serv., Inc., No. CV0808086DDPRZX, 2009 WL 10671971, at *6 (C.D. Cal. Mar. 9, 2009)("Harris found that a defendant had no duty to investigate whether there could *possibly* be a basis for removal when the pleading does not disclose one.").

Further, Plaintiff's counsel's prior success in obtaining large punitive damages awards against Geico bears little on whether Geico's removal was timely. If this consideration were relevant to the analysis, then the right to remove could be automatically triggered for insurer bad faith claims whenever punitive damages are sought against Geico by Plaintiff's counsel. This approach is

inconsistent with the strict construction against removal commanded by the removal statute as well as the bright-line rule envisioned by Harris. Harris, 425 F.3d at 697 ("[O]bjective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading."); see also Gaus, 980 F.2d at 566. In short, the information pertaining to damages alleged within the Complaint is insufficient to trigger the removal clock.

### 2. 28 U.S.C. § 1446(b)(3)

Plaintiff argues that a March 31, 2017 phone conversation between counsel for both parties regarding punitive damages together with the prayer for punitive damages contained in her Complaint were sufficient to place Geico on notice of the case's removability. (See, e.g., Reply at 5)("It was clear in that conversation and by the Complaint filed that Plaintiff was seeking damages *far* in excess of $75,000."). The phone conversation between counsel for Plaintiff and counsel for Geico could not trigger the 30-day period for removal because an oral statement is not an "other paper" indicating that the case is removable. See Riggs v. Cont. Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988) ("The elements of removability must be specifically indicated in official *papers* before the statutory period begins to run")(emphasis added); Molina v. Lexmark Intern., Inc., No. CV 08-04796 MMM (FMx), 2008 WL 4447678, *17 (C.D Cal. Sep. 30, 2008)(holding that oral settlement offers do not trigger the 30-day period for removal as "[s]uch inquiry might easily devolve into the type of 'collateral litigation' over defendant's subjective knowledge that the Harris court sought to avoid.")(citing Harris, 425 F.3d at 697)). In short, the March 31, 2017 phone call between Ms. Brenner and Ms. Badawi did not trigger the second 30-day period for removal under 28 U.S.C. § 1446(b)(3).

### 3. Propriety of Removal

On May 16, 2017, Plaintiff served written responses to Geico's first set of special interrogatories, representing that she incurred $90,000.00 in attorney's fees and $28,000.00 in costs. (Dkt. No. 1-6, 13; Badawi Opp. Decl. ¶ 11.) Written discovery responses may constitute "other paper" under 28 U.S.C. section 1446(b). DeJohn v. AT & T Corp., No. CV 10–07107, 2011 WL 9105, at *2 (C.D. Cal. Jan.3, 2011) ("[A]ll 'formal discovery,' including a 'deposition, interrogatory, or request for admission' meets the definition of 'other paper' "). The Court is persuaded that this is the first "paper" from which removability could have been ascertained to trigger the 30-day period for removal. Geico's removal on June 8, 2017 was within 30 days of May 16, 2017, and therefore timely under 28 U.S.C. section 1446(b)(3). Accordingly, the Court DENIES Plaintiff's Motion to Remand.

## III. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**